69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James J. ASKEW, Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Defendant-Appellee.
 No. 95-1694.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.
Decided Oct. 24, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff James J. Askew filed suit against the International Brotherhood of Teamsters and union officials, alleging a breach of their duty of fair representation, pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. Secs. 141 et seq. The suit is untimely, as explained in the attached district court order, which we hereby adopt. The judgment of the district court is AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE SOUTHERN DISTRICT OF ILLINOIS
 
 2
 James J. Askew, Plaintiff,
 
 
 3
 v.
 
 
 4
 International Brotherhood of Teamsters, Ron Carey, Gen.
 
 
 5
 President, I.B.T., Dennis C. Skelton V.P. and
 
 
 6
 Aaron Belk, V.P., I.B.T., Defendants.
 
 No. 94 557 WLB
 ORDER
 
 7
 BEATTY, District Judge.
 
 
 8
 This matter is before the court on defendants' motion to dismiss (Doc. 16).
 
 Background
 
 9
 On August 1, 1994, plaintiff filed a pro se complaint pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 141, et seq., alleging defendants had breached their duty of fair representation. On November 4, 1994, plaintiff filed an amended complaint. Plaintiff has also filed an amendment by interlineation. In his complaint, plaintiff alleges that he lost his job with Union Pacific in 1988. He also alleges defendants have failed to assist him in regaining his position. It is not clear from the complaint what circumstances surrounded plaintiff's loss of employment. Plaintiff also contends Union Pacific enacted pay freezes at levels below that called for in the collective bargaining agreement entered into between IBT and Union Pacific for the period 1989-91. Defendant also alleges that in November 1991, he was again denied pay raises in violation of that contract.
 
 Discussion
 
 10
 Fair representation actions are governed by a six month statute of limitations. DelCostello v. International Broth. of Teamsters, 462 U.S. 151, 163; 103 S.Ct. 2281, 2290; 76 L.Ed.2d 476 (1983). That six month statute of limitations begins to run at the moment plaintiff "in the exercise of reasonable diligence, should have discovered the acts constituting the alleged violation." Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299, 304 (7th Cir.1983), cert. denied 464 U.S. 1070, 104 S.Ct. 976; 79 L.Ed.2d 214 (1984).
 
 
 11
 Defendants contend that all of the plaintiff's grievances relate to events occurring between 1988 and 1992. Plaintiff has filed with the court a copy of a stipulation dated February 2, 1994 which provides:
 
 
 12
 I, Jim Askew, acknowledge that the representatives of the International Brotherhood of Teamsters have undertaken to assist me in resolving my grievances against Union Pacific Motor Freight. I further acknowledge that the International's efforts to assist me cannot and will not be construed to make the International liable for the claims in my litigation against Union Pacific Motor Freight and Teamsters Local Union No. 600. Based on our meeting of February 2, 1994 and the discussion therein will not be used to claim that the International Brotherhood of Teamsters is liable.
 
 
 13
 Plaintiff contends this letter essentially "repackages" his earlier grievances and permits him to file his complaint in this action within six months of February 2, 1994, rather than within six months of the events themselves. The court disagrees. The document relied upon by plaintiff does not constitute evidence of a breach of defendants' duty of fair representation. Where nothing other than union inactivity is alleged to have occurred during the six months prior to the filing of a fair representation action, the action is barred by the statute of limitations. Id. at 306.
 
 
 14
 Accordingly, defendants' motion to dismiss (Doc. 16) is granted.
 
 
 15
 IT IS SO ORDERED.
 
 DATED: This 13th day of January, 1995
 
 16
 ---------------
 
 
 
 1 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record.